UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OLGER HERNEY MONTAGUTH PEREZ,

          Petitioner,

v.

KRISTI NOEM et al.,

          Respondents.

_____/

Case No. 1:26-cv-920

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing that comports with due process before a different Immigration Judge. (Pet., ECF No. 1, PageID.11.) [1] In an order entered on March 27,

_____

[1] When Petitioner filed his petition for habeas corpus, he also filed a motion for a temporary restraining order and expedited consideration. (ECF No. 2.) As set forth in this opinion, the Court will conditionally grant Petitioner's § 2241 petition and order Respondents to provide a

2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their corrected response on April 8, 2026 (Resp, ECF No. 10), and a recording of the February 12, 2026 bond hearing on April 1, 2026, (Recording of Bond Hrg., ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States on April 4, 2022. (Pet., ECF No. 1, PageID.2.) On January 5, 2026, Petitioner was arrested by ICE in Grand Rapids. (2026 Form I-213, ECF No. 6-1, PageID.227.)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Montaguth Perez v. Noem* (*Montaguth Perez I*), No. 1:26-cv-171 (W.D. Mich.). In *Montaguth Perez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Montaguth Perez I*, (W.D. Mich. Feb. 6, 2026), (ECF Nos. 7, 8).

On February 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, Petitioner was represented by counsel and requested he be released on bond because he argued he is not a danger to the community or a flight risk. (Recording of Bond Hrg., ECF No. 6.) During the hearing, the Immigration Judge (IJ) made it clear to Petitioner's counsel that the burden of proof was on Petitioner. (*Id.*) At the conclusion of the February 12, 2026 hearing, the immigration judge denied Petitioner's request for bond because, "Given the concerns regarding an indicia of fraud based upon documentary evidence and

---

bond hearing or release Petitioner. Under these circumstances, Petitioner's motion for a temporary restraining order and expedited consideration is moot.

[Petitioner]'s transient lifestyle the [Court] finds that [Petitioner] has not met his burden." (Order of the IJ, ECF No. 1-3, PageID.19.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 20, 2026                        /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge